Johnson J.
delivered the opinion of the Court.
The right of the plaintiff to recover the land, the subject of this suit, is not now questioned. The defendant has held her out of possession for more than three years ; and the witnesses estimate the annual rent and profits, at forty or fifty dollars. Now, if the defendant has realized this profit, or has prevented the plaintiff from doing- so, she is wronged to that extent, and he is bound to make the reparation.
It is not an idle boast of the common law, that it supplies a commensurate remedy for every wrong. Its forms and modes of trial are adapted to this end, and when from the nature of the injury its extent can be ascertained with certainty, in dollars and cents, the rule of morality, that we should render to every one his due, becomes a legal obligation. The evidence here furnishes materials, from which the extent of the injury sustained can be ascertained with sufficient practical certainty, and to that extent the plaintiff was intitled to recover. The circumstance that,the defendant went into possession under an apparently good, and what he might have believed, a better title, furnished abundant reason, why vindictive damages should not have been awarded against him, but that does not lessen the amount of positive wrong: that is the same whether the act done proceeded from good or bad motives.
In the organization of our Courts of law, the power to ascer-, tain the amount of damages has been confided to the jury, and it has become almost proverbial, that on this subject the verdict is conclusive; and areview of our decisions will abundantly shew, that we have not been wanting in respect to this department of the C<jurt. But necessity has compelled us to impose a limita *217 tion to their powers over this subject, of which the case of Wise v. Freshly and Veal, 3 M’C. 547, is an example. That was an action to recover the value of a negro, drowned by the fault of the defendants. The negro was proved to have been worth one thousand dollars, but the jury found for the plaintiff only one cent; and a new trial was awarded on the ground, that the verdict itsejif shewed, that the loss was the consequence of the act of the defendants, and in law, therefore, they were liable at least to the extent of the value. In this case, moreover, the ground of the motion assumes rather the form of a conclusion of law than of fact. The juiy were instructed to find only so much damages as would carry costs ; and, in whatever form it may have been put, it is apparent that they acted upon it as a conclusion of law. Viewed in that light the instructions to the jury were against law, and the motion must therefore be granted.